FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 20 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Cedar Rapids Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) ) ) | **MC-09-1-JPH** |
| v. | ) ) ) | Civil Case No. 08 CV 151-LRR |
| BERTHEL SBIC, LLC Defendant. | ) ) ) ) ) | Order |

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Berthel SBIC, LLC ("Berthel") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Berthel ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Berthel's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, investment advisors and other agents of Berthel under applicable state and federal law, by the Articles of Incorporation, and By-Laws of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, employees, managers, investment advisors and agents of Berthel are hereby dismissed. Such persons

1

shall have no authority with respect to Berthel's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Berthel and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Berthel, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Berthel and its assets and all other assets and property of the corporation, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the Berthel portfolio. The former President, Director and/or other agent of Berthel, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Berthel as well as the names, addresses and amounts of claims of all known creditors of Berthel. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Berthel are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors and debtors of Berthel, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Berthel, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver

and its receipt for such payments shall have the same force and effect as if Berthel had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Berthel, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Berthel's past and/or present officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Berthel and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules

3

of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Berthel. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Berthel, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Berthel, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7.  The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Berthel or any assets of Berthel, including subsidiaries, partnerships and other business combinations of Berthel, wherever located, or involving Berthel, the Receiver, or any of Berthel's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Berthel or any assets of Berthel, including subsidiaries,

4

partnerships and other business combinations of Berthel, wherever located, and excluding the instant proceeding, or involving Berthel, the Receiver, or any of Berthel's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8. Further, as to a cause of action accrued or accruing in favor of Berthel against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9. Berthel and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Berthel to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of Berthel, from the SBA, up to $100,000 and is authorized to cause Berthel to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18

5

months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11.     Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Berthel SBIC, LLC ("Berthel"), in the principal sum of $2,773,841.50 plus accrued interest of $17,598.79 through November 17, 2008 plus accrued interest of $566.15 per day up to the date of entry of this Judgment, together with post-judgment interest at the rate allowed by law.

12.     SBA shall be appointed Receiver shall be appointed Receiver of Berthel based on Berthel's consent.

6

SEEN AND AGREED BY BERTHEL SBIC, LLC AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

BERTHEL SBIC, LLC

By: Berthel Fisher & Company Planning, Inc., Manager

By: _____
Thomas J. Berthel, President

U.S. SMALL BUSINESS ADMINISTRATION

_____
By: Gail G. Green
    Chief, Account Resolution Branch

SO ORDERED, DATED this 7th day of January, 2009

_____
UNITED STATES DISTRICT COURT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08-CV-151-LRR |
| vs. | **ORDER** |
| BERTHEL SBIC, LLC, | |
| Defendant. | |

The court received a corrected copy of the Consent Order and Judgment. Accordingly, there is no longer a need for a hearing.

IT IS ORDERED:

1. The hearing set for January 9, 2009 at 1:00 p.m. is CANCELLED.
2. The Clerk of Court shall administratively close this case.

**IT IS SO ORDERED.**

DATED this 7th day of January, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA



# Complaints and Other Initiating Documents
1:08-cv-00151 USA v. Berthel SBIC, LLC

U.S. District Court

Northern District of Iowa

## Notice of Electronic Filing

The following transaction was entered by Kudej, Lawrence on 12/10/2008 at 11:57 AM CST and filed on 12/10/2008
**Case Name:**         USA v. Berthel SBIC, LLC
**Case Number:**       1:08-cv-151
**Filer:**             USA
**Document Number:** 1

**Docket Text:**
**COMPLAINT against all defendants ( Scheduling Report due by 4/22/2009), COMPLAINT against all defendants ( Dismissal Deadline 4/22/2009), filed by USA. (Attachments: # (1) Civil Cover Sheet) (Kudej, Lawrence)**

**1:08-cv-151 Notice has been electronically mailed to:**

Lawrence D Kudej     larry.kudej@usdoj.gov, usaian.ecfcivcr@usdoj.gov

**1:08-cv-151 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1025896836 [Date=12/10/2008] [FileNumber=671726-0
] [4179a84f53fcb7d641adfedd11498ef4420a60a1410a1567931fd64639c21084c79
3d8440254524d1993a2fc22fff690476e5d0c04446c49f3ac05a7f6536d60]]
**Document description:** Civil Cover Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1025896836 [Date=12/10/2008] [FileNumber=671726-1
] [6f278577f82e19e6a8d305762774dd266241298a743e760ae0c2e9cbdc1b0a3aaa5
ddf60cc1ae6f74007e770e94f1c8a41d45a145157533f791c0912b76f5241]]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>BERTHEL SBIC, LLC<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>) Civ. Action No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF
AND MONEY JUDGMENT**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Berthel SBIC, LLC, (hereinafter "Berthel" or "licensee") is a limited liability company that was licensed by SBA as a Small Business Investment Company on May 4, 1998, SBA license number 07/07-0100 and maintains its principal office and/or principal place of business at 701 Tama Street, Building B,

1

Marion, Iowa 52303-0609. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

4. The plaintiff, the United States Small Business Administration (hereinafter "SBA") is an Agency of the United States of America with its central office located at 409 Third Street S.W., Washington, D.C. 20416.

## STATEMENT OF FACTS AND APPLICABLE LAW

5. Defendant, Berthel, was licensed by SBA as a small business investment company ("SBIC") on May 4, 1998, SBA License No 07/07-0100 under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Small Business Investment Act, 15 U.S.C. § 661 (hereinafter the "Act") and the regulations promulgated thereunder.

6. The purpose of the Small Business Investment Act (hereinafter the "Act") is to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

7. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC") 15 U.S.C.§ 687(c). SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

8. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

2

regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

9. Section 311 of the Act, 15 U.S.C. § 687c, provides that whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulations promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for any injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

10. As of July 1, 2003, the Licensee was indebted to the in the amount of $9,500,000 ("the Indebtedness") consisting of principal and interest on twenty-eight SBA guaranteed debentures..

11. Because of a violation of the Regulations by the Licensee, SBA accelerated Licensee's indebtedness to SBA. SBA and Licensee agreed to enter into a Loan Agreement effective September 1, 2003 ("the Agreement"). The Agreement provided that Licensee would liquidate its portfolio assets in order to pay its Indebtedness to SBA. SBA agreed to restructure the Indebtedness pursuant to the terms of the Loan Agreement. The Loan Agreement is part of the Loan Documents which consist of the Loan Agreement, the Secured Note, the Security Agreement, the Guaranty, the Stipulated Settlement and the Consent Order and Judgment.

12. The Loan Agreement provided that the Indebtedness was to be evidenced

/2

by a secured note, effective September 1, 2003, duly executed on behalf of Licensee, payable to SBA in the principal amount of $8,100,000 and having a term of 48 months. As part of the Loan Agreement, the assets of Licensee are pledged to SBA pursuant to a Security Agreement.

13. The Loan Agreement, also includes the Consent Order and Judgment which provides in part, that pursuant to the "provisions of 15 U.S.C. section 687c, this Court take exclusive jurisdiction of Berthel and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration is hereby appointed Receiver of Berthel..." The Order also provides for the entry of judgment against Berthel. The Consent Order and Judgment has been signed by Thomas J. Berthel, President of Berthel. Berthel remains subject to SBA's regulations.

14. Paragraph 12 enumerates the Events of Default for the Loan Agreement and provides that if any one or more of the stated Events of Default enumerated in the agreement occur and remain uncured for a period of thirty days after the Licensee shall have received written notice and such default shall have remained uncured, the entire unpaid balance of the principal and interest of the Secured Note and all other obligations and indebtedness of the Licensee to SBA shall become immediately due and payable without the necessity of any demand, presentment, protest or notice upon the Licensee, all of which are expressly waived by Licensee. As a result of a default, SBA may, in its sole discretion, enforce the previously signed Consent to receivership and Judgment and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment.

15. On August 2, 2007, in anticipation of a default on September 1, 2007 SBA

entered into a First Amendment Letter Agreement with Berthel which extended the maturity date of Loan Agreement until September 1, 2008.

16. Pursuant to Section 12(a) of the Loan Agreement, Berthel agreed that "Failure by the Licensee to make any payment of interest or principal scheduled pursuant to the terms of this Loan Agreement" was considered an event of default whereby the entire unpaid balance of interest would become immediately due and payable and allowing SBA to enter the Consent Order to Receivership and Judgment after the 30 day cure period had expired.

17. As of September 2, 2008, the Licensee was indebted to SBA in the amount of $2,758,923 plus accrued interest in the amount of $19,023.26. On September 3, 2008 SBA made demand for payment in full and initiated the 30 day cure period as stated in the Secured Note. As of November 14, 2008, Berthel continues to owe SBA $2,758,923.04 in principal and $32,050.36 in interest for a total indebtedness to SBA of $2,790,973.40 plus daily interest of $566.15 for each day thereafter.

## COUNT ONE

### DEFAULT OF A LOAN AGREEMENT AND FAILURE TO COMPLY WITH THE TERMS OF A WRITTEN AGREEMENT

18. Paragraphs 1 through 18, above, are hereby incorporated by reference as though set forth in their entirety herein.

19. Section 107.1810(f)(7) provides that nonperformance of any terms or conditions of any agreement with SBA will constitute an event of default with an opportunity to cure.

20. As described above, Berthel has violated SBA's regulations. As a result, SBA and Berthel entered into a loan agreement and SBA agreed to restructure Berthel's

indebtedness to SBA in the form of a secured note.

21. Berthel admits that there is a default of the Loan Agreement and Note by their failure to make the required payment. This failure to pay constitutes an event of default and a violation of the Regulations and entitles SBA to the requested and agreed upon relief of the appointment of SBA as a receiver of Berthel and the entry of the consent judgment against Berthel.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Berthel, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Berthel's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Berthel, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determines and adjudicates Berthel's noncompliance with the requirements of the Loan Agreement and noncompliance and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Berthel, and all of its assets, wherever located and appoint SBA as permanent receiver of Berthel for the purpose of liquidating all of Berthel's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Berthel, as appropriate.

D. That this Court orders that Berthel's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

6

E. That this Court enter judgment against Berthel and grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES ATTORNEY

Dated: 12/10/2008     By:   /s/
LAWRENCE D. KUDEJ
Assistant United States Attorney
Office of the United States Attorney

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 12/10/2008     By:   /s/
Arlene P. Messinger
arlene.messingerlerner@sba.gov
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6857
Facsimile:   (202) 481-0325

7